Grabowski v. Dresser

---

HENRY G. GRABOWSKI AND WIFE, VIRGINIA M. GRABOWSKI v. PAUL A. DRESSER, JR., AND WIFE, JUDITH S. DRESSER AND LAKE FOREST ASSOCIATION, INC.

No. 7615SC953

(Filed 6 July 1977)

APPEAL by plaintiffs from *McLelland, Judge.* Judgment entered 16 June 1976 in Superior Court, ORANGE County. Heard in the Court of Appeals 9 June 1977.

Oral argument in this case was consolidated with that in *Mason v. Andersen,* No. 7615SC952, (opinion filed 6 July 1977) and the two cases were heard at the same time. The questions presented for review in both cases are almost identical and the facts are substantially the same.

By warranty deed dated 1 August 1974, recorded 16 August 1974, defendants Dresser conveyed to plaintiffs a parcel of land described by courses and distances and further identified as Lot No. 9, Section XI, of Lake Forest Estates as shown on a map recorded in Orange County Registry in Plat Book 19, at Page 44. The deed is on a printed form and contains full warranty of seisin and warranty against encumbrances. Immediately below the description of the property and above the habendum clause, the deed contains the following provision: "This conveyance is made and accepted subject to restrictive and protective covenants recorded in Book 174, Page 256, Orange County Registry."

The document recorded in Orange County Registry in Book 174, Page 256, and containing the restrictive covenants referred to above, is set forth in pertinent part in the opinion in the companion case of *Mason v. Andersen, supra,* and will not be re-

stated in full here. Paragraph 13 of the document reads as follows:

> "13. The grantor herein reserves unto itself, its successors and assigns, the fee in Lake Forest and all water rights incident thereto, and the grantee specifically acknowledges that grantor is and shall remain the absolute owner thereof. The grantee herein, however, as an appurtenance to the lot herein conveyed, shall have and is hereby given the privilege of fishing, swimming and boating in Lake Forest, [subject to certain limitations and conditions concerning assumption of risk and the range of permissible activities] . . . . "

Plaintiffs allege that at the time they purchased the property from defendants Dresser, they believed that they were getting the privilege of using Lake Forest in accordance with paragraph 13 set forth above. In fact, plaintiffs do not have the privilege of using Lake Forest as only those landowners whose lots lie in Lake Forest Estates, Section 3, and whose title derives from Mortgage-Insurance Corporation, have the privilege of using Lake Forest. Plaintiffs' lot is located in Section XI, not Section 3, of Lake Forest Estates and their title does not devolve from Mortgage-Insurance Corporation. Plaintiffs have been denied all access to Lake Forest.

On 2 January 1976 plaintiffs brought this action, alleging in their first cause of action that defendants Dresser breached their covenant of seisin in that they purported to convey, as appurtenant to their land, an easement granting to plaintiffs the privilege of using Lake Forest. In their second cause of action, plaintiffs allege that defendants Dresser orally misrepresented that said property was in Lake Forest Estates and that the owners would be members of Lake Forest Association and therefore have access to the lake. In both causes of action plaintiffs allege that they have been damaged by a loss in value of their investment and by a loss in recreational benefits and enjoyment.

Defendants Dresser made several Rule 12 motions and plaintiffs moved for summary judgment. The trial judge granted summary judgment for defendants Dresser as to plaintiffs' first cause of action and denied summary judgment as to their second cause of action. (Plaintiffs have not appealed from summary judgment entered in favor of Lake Forest As-

sociation, Inc.) From the order of summary judgment entered in favor of defendants Dresser as to their first cause of action, plaintiffs have appealed.

*Charles G. Beemer for plaintiff appellant.*

*Midgette, Page & Higgins, by Keith D. Lembo, for defendant appellees.*

BRITT, Judge.

The question presented on appeal is whether the language in plaintiffs' deed that, "This conveyance is made and accepted subject to restrictive and protective covenants recorded in Book 174, Page 256, Orange County Registry" purports to convey the easement created by paragraph 13 of that document. For the reasons stated in the companion case of *Mason v. Andersen, supra,* we hold that the deed did not purport to convey such easement and that summary judgment was properly entered in favor of defendants Dresser.

The question of the propriety of the denial of summary judgment as to plaintiffs' second cause of action relating to alleged oral misrepresentations by defendants Dresser is not presented, therefore, we do not pass upon that question.

The order appealed from is

Affirmed.

Judges VAUGHN and ARNOLD concur.